The opinion of the Court was delivered by
Muneo, J.
There appears to have existed in this State, for more than a century, two distinct classes of public ways, the first of which consists of such highways, or thoroughfares, as lead to market towns, or other places of public resort — are laid out by the public authorities, and kept in repair by the public labor; and are in all respects subject to the jurisdiction of the Commissioners of Roads.
Those embraced within the second class are distinguished by the name of Neighborhood roads, or as they are styled in the early Acts of our Legislature, private paths. This latter name would seem to import that the ways in question are technically private. They are nevertheless public, alike in their origin, as in their use; for while some of them have been ori *393 ginally laid out by public authority, as will be seen by reference to the case of the State vs. Mobley, (1 McM. 44,) the right to the use of others has been acquired, either by grant or prescription, by those residing in a particular neighborhood. And although they are exempt from the jurisdiction of the Commissioners of Roads, and are kept in repair by the voluntary labor of those for whose immediate use and accommodation they are kept open, the public at large have nevertheless a right to their use, and for their obstruction, like the more public highways in the first mentioned class, the only remedy is by an indictment for a nuisance; see the State vs. Sartor, (2 Strob. 60).
As the verdict of the jury has established that the road in question is one of those public ways, falling within the last mentioned class, and that the same has been obstructed by the defendant in the manner stated in the report, the question presented for the consideration of the Court is, Whether the erection of a gate by the owner of the soil subject to such easement, for more than twenty years prior to the prosecution, although during all which time no one had been hindered or prevented from passing through it, amounts to an extinguishment of the right of the public to its use.
It is quite clear that an easement, founded either in express grant, or depending for its existence upon evidence of prescription, may be lost or extinguished by a tortjuous interruption of its exercise by the owner of the soil charged with such easement, provided such interruption be continued for a sufficient length of time to legalize the right under the statute of limitations. But it is equally clear, that the interruption that will have the effect of extinguishing such right, must be of a permanent character, and such as is wholly inconsistent with, or is adverse to, its exercise. (Bowen vs. Team, 6 Rich. 298.) But if, on the contrary, the obstruction which is relied upon as evidence of the means by which such right is sought to be overthrown, be of such a nature as to interpose no permanent barrier to its free and uninterrupted exercise — as was the case here — the only effect it can possibly have, if acquiesced in by *394 the public for a sufficient length of time, will be merely to modify the right; but it can by no manner of means, however long it may be acquiesced in, have the effect either to extinguish the right or to bar the remedy — and to this point the case of Barnwell vs. Magrath (1 McM. 174) is a direct authority. In that case, the obstruction complained of was identically the same as in this, and the Court, in expressing its opinion, holds the following language: “ The only question on this part of the case is, Whether the erection of a gate across the way, which was opened and shut at pleasure, is such an obstruction as would have the effect to extinguish the right of way; and we are clearly of opinion it is not. It is a modification of the right, which may be prescribed; but it is not an obstruction that prevents the use of the way.”
We are therefore of opinion, that the verdict of the jury is well sustained by the law, and that the defendant’s motion must be dismissed.
And it is so ordered.
O’Neall, Wardlaw. Withers, Whitner and Glover, JJ., concurred.

Motion dismissed.